# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHON KEMP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | _____ |
| JOE ABBOTT, VAUGHAN | § | |
| TRANSPORTATION, INC., AND | § | |
| RESER'S FINE FOODS, INC., | § | |
| | § | |
| Defendants, | § | |

## **INDEX OF ALL MATTERS FILED**

1. Index of All Matters Filed

2. Plaintiff Johnathon Kemp's Original Petition and Return of Service on Defendant Reser's Fine Foods, Inc.

3. Defendants Vaughan Transportation, Inc. and Reser's Fine Foods, Inc.'s Original Answer

4. Plaintiff's First Amended Petition

5. Plaintiff's Second Amended Petition and Return of Service on Defendant Joe Abbott

6. State Court Docket Sheet

7. List of All Counsel of Record

**EXHIBIT 2**



**Service of Process Transmittal**
02/13/2015
CT Log Number 526574611

**TO:** Paul Leavy
Reser's Fine Foods, Inc.
15570 SW Jenkins Rd
Beaverton, OR 97006-6099

**RE:** Process Served in Texas

**FOR:** Reser's Fine Foods, Inc. (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Johnathon Kemp, Pltf. vs. Joe Abbott, et al. including Reser's Fine Foods, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 165th Judicial District Court, Harris County, TX
Case # 201505922 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - February 13, 2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/13/2015 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Loren G. Klitsas
Klitsas & Vercher, P.C.
550 Westcott Street
Suite 570
Houston, TX 77007
713-862-1365 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 780209804382
Email Notification, Paul Leavy Paul@Resers.com
Email Notification, Chimene Gowen ChimeneG@Resers.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street
Suite 900
Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL

7011 1570 0001 1732 8628

U.S. POSTAGE
PAID
HOUSTON,TX
77201
FEB 09, 15
AMOUNT
$7.19
00112802-23

UNITED STATES
POSTAL SERVICE.
1000   75201

RETURN RECEIPT
REQUESTED

RESERS FINE Foods,INC
C/o
C. T. Corporation Syst
1999 Bryan St. # 900
Dallas, Texas 75201-3136

W.F.McCurry
24555 Bentwood
Hockley,Texas 77447

02-09-2015

RECEIPT NUMBER _____ 0.00
TRACKING NUMBER ___73100412___ ATY

CAUSE NUMBER ___201505922___

| PLAINTIFF: KEMP, JOHNATHON | In The 165th |
|---|---|
| vs. | Judicial District Court of |
| DEFENDANT: ABOTT, JOE | Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
**County of Harris**

TO: RESER'S FINE FOODS INC (A FOREIGN CORPORATION) BY SERVING THROUGH
ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN ST SUITE 900  DALLAS TX 752013136

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___.

This instrument was filed on the ___3rd___ day of ___February___, 20__15__, in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___4th___ day of
___February___, 20__15__.

Issued at request of:
KLITSAS, LOREN GEORGE
550 WESTCOTT, STE 570
HOUSTON, TX 77007
Tel: (713) 862-1365
Bar Number: 786025

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: PEREZ, ANITA     IOJ//10021634

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____ M., endorsed
the date of delivery thereon, and executed it at _____, _____,
                                                                                      (street address)                                      (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___ M.,
by delivering to _____, by delivering to its
                                            (the defendant corporation named in citation)

_____, in person, whose name is _____.
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                            (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                                            (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____

By: _____
                                            (signature of officer)

Printed Name: _____

_____     As Deputy for: _____
Affiant Other Than Officer                                            (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P

2/3/2015 3:12:34 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4005034
By: Shanelle Taylor
Filed: 2/3/2015 3:12:34 PM

## 2015-05922 / Court: 165

CAUSE NO: _____

| | | |
|---|---|---|
| JOHNATHON KEMP | § | IN  THE DISTRICT COURT OF |
| | § | |
| VS | § | HARRIS  COUNTY,  TEXAS |
| | § | |
| JOE ABBOTT, VAUGHAN | § | |
| TRANSPORTATION, INC. AND | § | |
| RESER'S FINE FOODS, INC. | § | _____ JUDICIAL  DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Johnathon Kemp, Plaintiff, complaining of Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., Defendants, and for cause of action would respectfully show the following:

### I. LEVEL

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleads that it seeks only monetary relief in excess of $50,000, excluding costs, pre-judgment interest, and attorney's fees.

### II. PARTIES

Plaintiff Johnathon Kemp is a resident of Houston, Harris County, Texas.

Defendant Joe Abbott is an individual residing in Moore, Oklahoma, and may be served through at his residential address of 908 Kingscourt Moore, Oklahoma 73160, or where ever he may be located.

Defendant Reser's Fine Foods, Inc. is a foreign corporation licensed to do business within the state of Texas. Defendant may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

Vaughan Transportation, Inc. is a foreign corporation licensed to do business within the state of Texas. Defendant may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### III. VENUE

Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTS

On or about February 13, 2013, Plaintiff Jonathon Kemp was driving southbound on Interstate 45 through Houston. Traffic came to a stop and Mr. Kemp stopped his vehicle. Defendant Joe Abbott failed to control his speed and rear-ended Mr. Kemp pushing him into the car in front of him. At the time of the accident, Mr. Abbott, was operating a freightliner owned by Defendant Vaughan Transportation, Inc. while in the course and scope of his employment with Defendant, Reser's Fine Foods, Inc. Johnathon Kemp sustained severe bodily injuries.

### V. NEGLIGENCE & GROSS NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or gross negligence of the Defendants, Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., for a variety of acts and omissions, including but not limited to one or more of the following:

1.  In failing to apply the brakes of said vehicle in time to avoid the aforesaid collision;

2.  In operating said vehicle in a careless and reckless manner;

3.  In failing to keep a proper lookout;

4.  In failing to keep said vehicle under reasonable and proper control;

5.  In failing to pay full time and attention;

2

6.   In failing to yield the right of way;

7.   In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle;

8.   In hiring an unqualified driver to operate their vehicles;

9.   In not maintaining a viable trucking safety program to supervise and/or train drivers; and

10.   General Negligence.

Each and all of the above acts and/or omissions were negligence and/or gross negligence and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI. DAMAGES

As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses in the past and future, impairment and disability in the past. It is believed that Plaintiff will also suffer legally recoverable damages in the future. The Plaintiff will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

1.   The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

2.   The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

3

3.   The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial; and

4.   The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial.

Further, the following are elements of damages to be considered separately which Plaintiff will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause:

1.   The physical pain that the Plaintiff will suffer in the future beyond the time of trial;

2.   The mental anguish that the Plaintiff will suffer in the future beyond the time of trial;

3.   The reasonable value of medical expenses that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

4.   The physical impairment which the Plaintiff will suffer in the future beyond the time of trial; and

5.   The reasonable value of the damage to Plaintiff's vehicle in the future beyond the time of trial.

Plaintiff seeks all legally recoverable damages, including exemplary damages and pre-judgment and post-judgment interest. Plaintiff Johnathon Kemp seeks monetary relief of over a million.

## VIII. JURY TRIAL

Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants, Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., be cited in terms of law to appear and answer herein; that upon final trial hereof, the Plaintiff have judgment against the

4

Defendants for all damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**KLITSAS & VERCHER, P.C.**

By: _____

Loren G. Klitsas
**State Bar No.: 00786025**
550 Westcott Street, Suite 570
Houston, Texas 77007
Telephone: (713) 862-1365
Facsimile: (713) 862-1465
klitsas@kv-law.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

CAUSE NO. 2015-05922

| | | |
|---|---|---|
| JOHNATHON KEMP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| JOE ABBOTT, VAUGHAN | § | |
| TRANSPORTATION, INC., AND | § | |
| RESER'S FINE FOODS, INC., | § | |
| | § | |
| Defendants. | § | 165TH JUDICIAL DISTRICT |

## DEFENDANTS VAUGHAN TRANSPORTATION, INC.,
## AND RESER'S FINE FOODS, INC.'s ORIGINAL ANSWER

Defendants VAUGHAN TRANSPORTATION, INC., AND RESER'S FINE FOODS, INC. ("Defendants") files their Original Answer to Plaintiff Johnathon Kemp's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1.      Subject to such stipulations and admissions as may be made hereafter, Defendants hereby enter a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations that he has made against Defendants.

## II.
## DEFENSES

2.      Further answering, alternatively, and by way of affirmative defense, Defendants will show that the incident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent acts and/or omissions of Plaintiff, whose acts or omissions were, alternatively, a proximate cause or a producing cause or a contributing proximate cause or a contributing

producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom. Defendants therefore invoke the doctrine of comparative negligence and causation as a reduction or complete bar to any recovery by Plaintiff.

3.      Upon information and belief, Plaintiff's alleged damages and losses were directly and proximately caused by the intervening, superseding acts and conduct of Plaintiff, over whom Defendants had no control. These acts constituted a new and independent cause of Plaintiff's alleged injuries or damages. The acts and omissions of others were a complete and total proximate cause of all Plaintiff's injuries and resulting damages. Accordingly, Defendants hereby plead the doctrine of efficient intervening proximate cause as a complete bar to any recovery against Defendants.

4.      Defendants hereby assert all rights arising pursuant to the proportional responsibility and contribution statutes, including offset due to Plaintiff's responsibility, contributions from other parties found responsible, and credit for any settlements made in this action.

5.      Pleading further, alternatively, and by way of affirmative defense, Defendants would show that, in the unlikely event that any liability be found on the part of Defendants, such liability be reduced by the percentage of causation found to have resulted from the negligence of others, parties and non-parties to this suit in the manner prescribed by Texas Civil Practice and Remedies Code and Common Law. Defendants are entitled to the submission of the following for consideration of proportionate responsibility (1) Plaintiff and (2) Defendants and any designated responsible third party, third party, additional defendant or settling party.

6.      On information and belief, Plaintiff's alleged injuries, damages or losses were directly and proximately caused by the intervening, superseding acts and conduct of Plaintiff and/or others over whom Defendants had no control, including other defendants.  These acts constituted a new and independent cause of Plaintiff's alleged injuries or damages.  The acts and omissions of others were a complete and total proximate cause of all Plaintiff's injuries and resulting damages.  Accordingly, Defendants plead the doctrine of efficient intervening proximate cause as a complete bar to any recovery against Defendants.

7.      Plaintiff's damages, if any, were caused in whole or in part by the acts or omissions of third persons and/or entities outside of Defendants' control.

8.      Defendants hereby assert all rights arising pursuant to the proportional responsibility and contributions statues, including offset due to Plaintiff's responsibility, contributions from other parties found responsible, other responsible third parties and settling parties and is entitled to credit for any settlements made in this action.

9.      Plaintiff's damages, if any, are the result in whole or in part of Plaintiff's failure to mitigate damages.

10.     Plaintiff's damages, if any, are the result in whole or in part of Plaintiff's pre-existing conditions or subsequent conditions or events.

11.     The Plaintiff's medical bills were discounted pursuant to a contract and/or agreement between the healthcare providers, the Plaintiff's workers compensation carrier, or the Plaintiff's medical insurance provider/carrier and the Plaintiff and/or her lawyers; therefore, Plaintiff's recovery for medical expenses should be limited to what is actually paid and/or incurred on behalf of the Plaintiff pursuant to Texas Civil Practice & Remedies Code, Chapter 41.0105. Alternatively, Defendants are entitled to a credit against any medical expense damage award for

amounts not charged to or actually incurred by the Plaintiff, amounts written off or discounted, or in an amount equal to the difference between the total charges and the sum that was paid and accepted as payment in full or which will be paid and accepted as payment in full as the evidence may show.

12.     Defendants would assert that the Court should instruct the jury as to whether any recoveries sought by the Plaintiff are subject to federal or state income taxes.

13.     Pleading further and in the strict alternative, Defendants would show that the Plaintiff must comply with Texas Civil Practice and Remedies Code §18.091, which requires the Plaintiff who seeks loss of earnings and loss of earning capacity, to provide evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

14.     Defendants have asserted these defenses in its answer in order to preserve its right to assert the affirmative defenses and to give Plaintiff notice of Defendants' intention to assert these defenses and avoid waiver.   Defendants hereby reserve the right to add additional affirmative defenses, as they may become known to it during the course of discovery.

## III.
## AUTHENTICATION

15.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants hereby serve notice that a Plaintiff's or Co-Defendant's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## IV.
## REQUEST FOR DISCLOSURE

16.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants request that you disclose the information and materials described in Rule 194.2 (a)-(l) within thirty (30) days of the service of this request.

## V.
## DEMAND FOR JURY

17.     Defendant would show that Defendants request this case be transferred to the Court's active jury docket.  A jury fee will be paid with the filing of Defendants' answer.

WHEREFORE,     PREMISES     CONSIDERED,     Defendants     VAUGHAN TRANSPORTATION, INC., AND RESER'S FINE FOODS, INC. pray that, upon final hearing of this cause, the Court will enter judgment that Plaintiff JOHNATHON KEMP takes nothing of and from Defendants VAUGHAN TRANSPORTATION, INC., AND RESER'S FINE FOODS, INC., assess costs against Plaintiff JOHNATHON KEMP, and award Defendants VAUGHAN TRANSPORTATION, INC., AND RESER'S FINE FOODS, INC. all other and further relief, both   general   and   special,   legal   or   equitable,   to   which   Defendants   VAUGHAN TRANSPORTATION, INC., AND RESER'S FINE FOODS, INC. may be justly entitled.

Respectfully Submitted,

_____

KURT W. MEADERS
State Bar No. 13879900
RONALD M. RAYDON
State Bar No. 00798456

MEADERS & LANAGAN
2001 Bryan Street, Suite 3350
Dallas, TX  75201-3068
Telephone: (214) 721-6210
Facsimile: (214) 721-6289
Email:      Efiling@meaderslaw.com

ATTORNEYS FOR DEFENDANTS
VAUGHAN TRANSPORTATION, INC.,
AND RESER'S FINE FOODS, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all known counsel of records on the 8th day of May, 2015, as indicated below in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Loren G. Klitsas                                              *Via E-service and E-mail*
KLITSAS & VERCHER, P.C.                          llitsas@kv-law.com
550 Westcott Street, Suite 570
Houston, Texas 77007

_____

KURT W. MEADERS

# EXHIBIT 4

# Klitsas & Vercher, P.C.

## Attorneys at Law

550 Westcott, Suite 570
Houston, Texas 77007
(713) 862-1365
Fax: (713) 862-1465

## FACSIMILE TRANSMISSION COVER SHEET

**Date:**    June 18, 2015

**To:**    Ronald M. Raydon
Meaders & Lanagan
(214) 721-6289

**Re:**    Johnathon Kemp vs. Joe Abbott, Vaughan Transportation, Inc. and Reser's Fine
Foods, Inc

**Sender:**    Loren G. Klitsas

YOU SHOULD RECEIVE -7- PAGES, INCLUDING THIS COVER SHEET.  IF YOU DO
NOT RECEIVE ALL THE PAGES, PLEASE CALL (713) 862-1365.

### CONFIDENTIALITY NOTICE

Unless otherwise indicated, the information contained in this facsimile message is attorney privileged and
confidential information intended for the use of the individual or entity named above.  If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited.  If you have received this communication in error, please immediately
notify the sender by telephone and return the original message to Klitsas, & Vercher, P.C., at the above address
by regular mail at our expense.  Thank you.

6/17/2015 4:24:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 571941:
By: Anita Pere
Filed: 6/17/2015 4:24:33 PM

CAUSE NO: 2015-05922

| JOHNATHON KEMP | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | |
| | § | HARRIS COUNTY, TEXAS |
| JOE ABBOTT, VAUGHAN | § | |
| TRANSPORTATION, INC. AND | § | |
| RESER'S FINE FOODS, INC. | § | 165TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Johnathon Kemp, Plaintiff, complaining of Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., Defendants, and for cause of action would respectfully show the following:

## I. LEVEL

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleads that it seeks monetary relief in excess of $50,000, excluding costs, pre-judgment interest, and attorney's fees.

## II. PARTIES

Plaintiff Johnathon Kemp is a resident of Houston, Harris County, Texas.

Defendant Joe Abbott, an Individual who is a resident of Oklahoma and a nonresident of Texas, engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party, as defined by Section 17.042 of the Texas Civil Practices and Remedies Code. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office at 908 Kings Court, Moore, Oklahoma

73160 or wherever he may be found. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

Defendant Reser's Fine Foods, Inc. has made an appearance in this lawsuit.

Vaughan Transportation, Inc. has made an appearance in this lawsuit.

### III. VENUE

Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTS

On or about February 13, 2013, Plaintiff Jonathon Kemp was driving southbound on Interstate 45 through Houston. Traffic came to a stop and Mr. Kemp stopped his vehicle. Defendant Joe Abbott failed to control his speed and rear-ended Mr. Kemp pushing him into the car in front of him. At the time of the accident, Mr. Abbott, was operating a freightliner owned by Defendant Vaughan Transportation, Inc. while in the course and scope of his employment with Defendant, Reser's Fine Foods, Inc. Johnathon Kemp sustained severe bodily injuries.

### V. NEGLIGENCE & GROSS NEGLIGENCE

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or gross negligence of the Defendants, Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., for a variety of acts and omissions, including but not limited to one or more of the following:

1.   In failing to apply the brakes of said vehicle in time to avoid the aforesaid collision;

2.   In operating said vehicle in a careless and reckless manner;

3.   In failing to keep a proper lookout;

4.   In failing to keep said vehicle under reasonable and proper control;

2

5.    In failing to pay full time and attention;

6.    In failing to yield the right of way;

7.    In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle;

8.    In hiring an unqualified driver to operate their vehicles;

9.    In not maintaining a viable trucking safety program to supervise and/or train drivers; and

10.   General Negligence.

Each and all of the above acts and/or omissions were negligence and/or gross negligence and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI. DAMAGES

As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses in the past and future, impairment and disability in the past. It is believed that Plaintiff will also suffer legally recoverable damages in the future. The Plaintiff will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

1.    The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

2.    The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

3

3.    The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial; and

4.    The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial.

Further, the following are elements of damages to be considered separately which Plaintiff will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause:

1.    The physical pain that the Plaintiff will suffer in the future beyond the time of trial;

2.    The mental anguish that the Plaintiff will suffer in the future beyond the time of trial;

3.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

4.    The physical impairment which the Plaintiff will suffer in the future beyond the time of trial; and

5.    The reasonable value of the damage to Plaintiff's vehicle in the future beyond the time of trial.

Plaintiff seeks all legally recoverable damages, including exemplary damages and pre-judgment and post-judgment interest. Plaintiff Johnathon Kemp seeks monetary relief of over $1,000,000.

## VIII. JURY TRIAL

Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants, Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., be cited in terms of law to appear and answer herein; that upon final trial hereof, the Plaintiff have judgment against the

4

Defendants for all damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**KLITSAS & VERCHER, P.C.**

By: _____

**Loren G. Klitsas**
**State Bar No.: 00786025**
**Jared W. Capps**
**State Bar No.: 24085236**
550 Westcott Street, Suite 570
Houston, Texas 77007
Telephone: (713) 862-1365
Facsimile: (713) 862-1465
klitsas@kv-law.com
capps@kv-law.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

That on this the 11th day of June, 2015, I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to Defendant, by hand delivery, certified mail, return receipt requested and/or facsimile to:

Ronald M. Raydon
Paul M. Lanagan
Meaders & Lanagan
2001 Bryan Street, Suite 3350
Dallas, Texas 75201

_____
Loren G. Klitsas

5

# CIVIL PROCESS REQUEST FORM

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____  CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): **PLAINTIFF'S FIRST AMENDED PETITION**
FILE DATE OF MOTION: _____
    Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: **JOE ABBOTT**

   ADDRESS: **Statutory Document Citations Unit, PO Box, Austin, Texas 78711-2079**

   AGENT, (*if applicable*): **Secretary of State**

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): Citation

SERVICE BY (*check one*):
- [ ] ATTORNEY PICK-UP                    [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] MAIL                               [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
    Type of Publication:  [ ] COURTHOUSE DOOR, or
                          [ ] NEWSPAPER OF YOUR CHOICE: _____

- [x] OTHER, *explain* **PLEASE MAIL THE CITATION BACK TO KLITSAS & VERCHER, PC**

********************************************************************************************

2. NAME: **N/A**

   ADDRESS:

   AGENT, (*if applicable*):

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): Citation

SERVICE BY (*check one*):
- [ ] ATTORNEY PICK-UP                    [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] MAIL                               [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
    Type of Publication:  [ ] COURTHOUSE DOOR, or
                          [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, *explain* _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: **LOREN G. KLITSAS**                    TEXAS BAR NO./ID NO. **00786025**

MAILING ADDRESS: **550 WESTCOTT ST., SUITE 570, HOUSTON, TEXAS 77007**

PHONE NUMBER: **713- 862-1365**            FAX NUMBER: **713 862-1465**
EMAIL ADDRESS: **beason@kv-law.com**

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO
> CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.
> SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

# EXHIBIT 5

CAUSE NO.  201505922

RECEIPT NO.                    0.00        ATY
          * * * * * * * * *          TR # 73324343

PLAINTIFF: KEMP, JOHNATHON                  In The    165th
      vs.                                   Judicial District Court
DEFENDANT: ABBOTT, JOE                      of Harris County, Texas
                                            165TH DISTRICT COURT
                                            Houston, TX

                    CITATION_(NON-RESIDENT)
THE STATE OF TEXAS
County of Harris


TO: ABBOTT, JOE

    908  KINGSCOURT    MOORE   OK  73160

    Attached is a copy of PLAINTIFFS' SECOND AMENDED PETITION AND DOCKET CONTROL ORDER


This instrument was filed on the 4th day of October, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 27th day of December, 2016, under my hand and
seal of said Court.

Issued at request of:                       CHRIS DANIEL, District Clerk
FRANZONI, FRED                              Harris County, Texas
25329  BUDDE ROAD, SUITE 704                201 Caroline, Houston, Texas 77002
WOODLANDS, TX  77380                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 660-3811
Bar No.: 24055502                           Generated By: SOLIS, ADILIANI A.  4BH//10570511

STATE OF _____
                        OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|------|------|------|------|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | 12 | 28 | 16 | 10 | 00 | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

                                            _____
                                                   Affiant/Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.


                                            _____
                                                   Notary Public


N.INT.CITN.P                  *73324343*

10/4/2016 12:36:15 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13049659
By: BEVERLY CHEVALIER
Filed: 10/4/2016 12:36:15 PM

## CAUSE NO. 2015-05922

| | | |
|---|---|---|
| JOHNATHON KEMP AND AMANDA KEMP, | § | IN THE DISTRICT COURT OF |
| PLAINTIFF(S) | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JOE ABOTT, RESER'S FINE FOODS, INC., | § | |
| AND VAUGHAN TRANSPORTAION, INC., | § | |
| DEFENDANT(S) | § | 165TH JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jonathon Kemp and Amanda Kemp, Plaintiffs, complaining of Joe Abbott,

Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., Defendants, and would respectfully

show this court the following:

### I. Level

Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

Plaintiff affirmatively pleads that it seeks only monetary relief in excess of $50,000, excluding

costs, pre-judgment interests, and attorney's fees.

### II. Parties

Plaintiff, Jonathon Kemp, is a resident of Houston, Harris County, Texas.

Plaintiff, Amanda Kemp, is a resident of Houston, Harris County, Texas.

Defendant, Joe Abbott, is an individual residing in Moore, Oklahoma, and may be served

through at his residential address of 908 Kingscourt, Moore, Oklahoma, 73160, or where ever he

may be located. This lawsuit arises out of business done in this state and to witch the Defendant

is a party, as defined by section 17.042 of the Texas Civil Practices and Remedies. Therefore,

substituted service on the Defendant maybe performed through the Secretary of State of Texas as provided under the guidelines of the Texas Practice and Remedies Code.

Defendant Reser's Fine Foods, Inc. is a foreign corporation licensed to do business within the state of Texas. Defendant has made an appearance in this case, and if necessary may be served through its attorney of record as provided under TRCP 21(a).

Vaughan Transportation, Inc. is a foreign corporation licensed to do business within the state of Texas. Defendant has made an appearance in this case, and if necessary may be served through its attorney of record as provided under TRCP 21(a).

### III. Venue

Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. Facts

On or about February 13, 2013, Jonathon Kemp was driving southbound on Interstate 45 through Houston. Traffic came to a stop and Mr. Kemp stopped his vehicle. Defendant Joe Abbott failed to control his speed and rear-ended Mr. Kemp pushing him into the car in front of him. At the time of the accident, Mr. Abbott, was operating a freightliner owned by Defendant Vaughan Transportation, Inc. while in the course and scope of his employment with Defendant, Reser's Fine Foods, Inc. Jonathon Kemp sustained severe bodily injuries.

### V. Johnathon Kemp's Causes of Action on Negligence and Gross Negligence

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or gross negligence of the Defendants, Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., for a variety of acts and omissions, including but not limited to one or more of the following:

1. In failing to apply breaks of said vehicle in time to avoid the aforesaid collision;

2. In operation said vehicle in a careless and reckless manner;

3. In failing to keep proper lookout;

4. In failing to keep said vehicle under reasonable and proper control;

5. In failing to pay full time and attention;

6. In failing to yield the right of way;

7. In failing to obey statutes of the State of Texas as they pertain to the operation of a motor vehicle;

8. In hiring an unqualified driver to operate their vehicle;

9. In not maintaining a viable trucking safety program to supervise and/or train drivers; and

10. General Negligence

Each and all of the above acts and/or omissions were negligence and/or gross negligence and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiffs herein.

**VI. Amanda Kemp Cause of Action for Loss of Consortium and Household Services**

Plaintiff, Amanda Kemp, incorporates all prior paragraphs and would show that she has also incurred damages as a result of Defendants' negligence and/or gross negligence. Amanda Kemp will show that she is the wife of Plaintiff, Johnathan Kemp, and makes an ancillary claim for the loss of consortium and house hold services in the past and for the future.

## VII. Damages

As a result of the occurrence in question, Plaintiffs sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses in the past and the future, impairment and disability in the past, and the loss of consortium and household services. It is believed that Plaintiffs will also suffer legally recoverable damages in the future. The Plaintiffs will respectfully request the Court and the Jury to determine the amount of loss the Plaintiffs have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiffs are entitled to have the Jury on this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiffs for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

1. The physical pain suffered from the date of the occurrence in question up to the time of trial;

2. The metal anguish suffered from the date of the occurrence in question up to the time of trial;

3. The amount of reasonable medical expenses necessarily incurred in the treatment of Johnathan Kemp's injuries from the date of the occurrence in question up to the time of trial;

4. The physical impairment which Johnathan Kemp has suffered from the date of the occurrence in question up to the time of trial;

5. All property damages incurred up to the time of trial; and

6. The loss of consortium, loss of household services, and loss of societal counsel.

Further, the following are elements of damages to be considered separately which Plaintiffs will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause:

1. The physical pain that Johnathan Kemp will suffer in the future beyond the time of trial;

2. The mental anguish that Johnathan Kemp will suffer in the future beyond the time of trial;

3. The reasonable value medical expenses that will necessarily be incurred in the treatment of the Johnathan Kemp's injuries in the future beyond the time of trial;

4. The physical impairment which Johnathan Kemp will suffer in the future beyond the time of trial; and

5. The loss of consortium, household services, and counsel in the future beyond the time of trial.

Plaintiffs damages and injuries resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

Plaintiffs seek all legally recoverable damages, including exemplary damages and pre-judgment and post-judgment interest. Plaintiffs seek monetary relief of over a $1,000,000.00.

## VIII. Jury Trial

Plaintiffs demand a trial by jury and the appropriate fee has been tendered to the court.

## IX. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants, Joe Abbott, Reser's Fine Foods, Inc. and Vaughan Transportation, Inc., be cited in terms of law to appear and answer herein; that upon final trial hereof, the Plaintiff have judgment against the Defendants of all damages, legally recoverable pre-judgement and post-judgement interest, all costs of court, and any further relief to which Plaintiffs may show they are justly entitled.

Respectfully submitted,

FRANZONI LAW, PLLC

By: _____
F. Royce Franzoni
Federal ID No. 808515
State Bar No. 24055502
25329 Budde Road, Suite 704
The Woodlands, Texas 77380
Tel: (281) 459-0701
Fax:(888) 861-1304
**Attorney for Plaintiffs**

### Certificate of Service

I, the undersigned, herby certify that I am a member of Franzoni and Nelson, PLLC, and that a true and correct copy of the foregoing document was served on counsel of record or party as required by Texas Rules of Civil Procedure as provided below.

_____
F. Royce Franzoni

*VIA FAX*
Ronald M. Raydon
State Bar No. 007989900
*efiling@meaderslaw.com*
2001 Bryan Street, Suite 3350
Dallas, TX 3350
Tel: (214) 721-6210
Fax:(214) 721-6289
**Attorney for Defendant(s)**

# EXHIBIT 6

**HCDistrictclerk.com**　　　　KEMP, JOHNATHON vs. ABOTT, JOE　　　　　　　12/26/2016
　　　　　　　　　　　　　　Cause: 201505922　　　CDI: 7　　Court: 165

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 2/3/2015 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Ready Docket |
| Case (Cause) Type | PERSONAL INJ (NON-AUTO) |
| Next/Last Setting Date | 2/6/2017 |
| Jury Fee Paid Date | 5/20/2015 |

### COURT DETAILS

| | |
|---|---|
| Court | 165th |
| Address | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686270 |
| JudgeName | DEBRA IBARRA MAYFIELD |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| KEMP, JOHNATHON | PLAINTIFF - CIVIL | | FRANZONI, FRED |
| ABOTT, JOE | DEFENDANT - CIVIL | | |
| RESER'S FINE FOODS INC | DEFENDANT - CIVIL | | MEADERS, KURT WOOD |
| VAUGHAN TRANSPORTATION INC | DEFENDANT - CIVIL | | MEADERS, KURT WOOD |
| RESER'S FINE FOODS INC (A FOREIGN CORPORATION) BY SERVING THROUGH | REGISTERED AGENT | | |
| 1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3136 | | | |
| VAUGHAN TRANSPORTATION INC (A FOREIGN CORPORATION) BY SERVING THROUGH | REGISTERED AGENT | | |
| 1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3136 | | | |
| ABBOTT, JOE BY SERVING THE SECRETARY OF | REGISTERED AGENT | | |

STATE OF TEXAS STATUTORY

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|
| 10/4/2016 | SECOND AMENDED ORIGINAL PETITION | | 0 | | FRANZONI, FRED | KEMP, JOHNATHON |
| 6/15/2016 | ORDER SIGNED RESETTING TRIAL | 6/15/2016 | 2 | | | |
| 6/15/2016 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 6/15/2016 | 2 | | | |
| 5/5/2016 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 5/5/2016 | 1 | | | |
| 2/15/2016 | ORDER SIGNED RESETTING TRIAL | 2/15/2016 | 2 | | | |
| 2/15/2016 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 2/15/2016 | 2 | | | |
| 6/17/2015 | FIRST AMENDED ORIGINAL PETITION | | 0 | | KLITSAS, LOREN GEORGE | KEMP, JOHNATHON |
| 6/12/2015 | DESIGNATED TRIAL READY | | 0 | | | |
| 5/20/2015 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 5/8/2015 | JURY DEMAND MADE (TRCP 216) | | 0 | | | |
| 5/8/2015 | ANSWER | | 0 | | MEADERS, KURT WOOD | VAUGHAN TRANSPORTATION INC |
| 5/8/2015 | ANSWER | | 0 | | MEADERS, KURT WOOD | RESER'S FINE FOODS INC |
| 3/20/2015 | ORDER GRANTING SUBSTITUTED SERVICE SIGNED | 3/20/2015 | 4 | | | |
| 2/3/2015 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 2/3/2015 | ORIGINAL PETITION | | 0 | | KLITSAS, LOREN GEORGE | KEMP, JOHNATHON |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|
| 5/05/2016 09:30 AM | 165 | Law Day Docket | SUBSTITUTE ATTORNEYS - MOTION TO | Granted | ORDER SIGNED | FRANZONI, FRED ROYCE |
| 5/30/2016 09:00 AM | 165 | Trial Setting | Trial on Merits | Re-Set | CONT GRANTED | |
| 8/08/2016 09:00 AM | 165 | Trial Setting | Trial on Merits | Re-Set | CONT GRANTED PER ORDER | |
| 2/06/2017 09:00 AM | 165 | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver |
|---|---|---|---|---|---|---|---|---|---|

To

| | | | | | | | | To |
|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | RESER'S FINE FOODS INC (A FOREIGN CORPORATION) BY SERVING THROUGH | 2/3/2015 | 2/4/2015 | | 73100412 | ATTORNEY PICK-UP |

1999 BRYAN ST SUITE 900 DALLAS TX 75201

1999 BRYAN ST SUITE 900 DALLAS TX 75201

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | VAUGHAN TRANSPORTATION INC (A FOREIGN CORPORATION) BY SERVING THROUGH | 2/3/2015 | 2/4/2015 | | 73100414 | ATTORNEY PICK-UP |

1999 BRYAN ST SUITE 900 DALLAS TX 75201

1999 BRYAN ST SUITE 900 DALLAS TX 75201

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION_(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | ABOTT, JOE | 2/3/2015 | 2/4/2015 | | 73100420 | ATTORNEY PICK-UP |

908 KINGSCOURT MOORE OK 73160

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION (SECRETARY OF STATE NON-RESIDENT) | SERVICE ASSIGNED TO CLERK/NOT ISSUED | AMENDED ORIGINAL PETITION | ABBOTT, JOE BY SERVING THE SECRETARY OF STATE OF TEXAS STATUTORY | 6/17/2015 | | | 73141709 | MAIL TO ATTORNEY |

908 KINGS COURT MOORE OK 73160

908 KINGS COURT MOORE OK 73160

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CITATION (SECRETARY OF STATE NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | AMENDED ORIGINAL PETITION | ABBOTT, JOE BY SERVING THE SECRETARY OF STATE OF TEXAS STATUTORY | 6/17/2015 | 6/18/2015 | | 73141717 | MAIL TO ATTORNEY |

908 KINGS COURT MOORE OK 73160

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 73173908 | Notice of Filing Affidavits | | 12/20/2016 | 2 |
| > 73173909 | Exhibit A | | 12/20/2016 | 62 |
| 72839447 | Defendants Vaughan Transportation, Inc., and Reser's Fine Foods, Inc. Notice of De-Designation of Expert Witness Debra Medina, R.N. | | 11/22/2016 | 3 |
| 72164831 | plaintiffs second amended petition | | 10/04/2016 | 6 |
| 71451235 | Regarding Deposition by Written Questions | | 08/12/2016 | 1 |
| 70762948 | Regarding Deposition by Written Questions | | 06/21/2016 | 1 |
| 70762949 | Regarding Deposition by Written Questions | | 06/21/2016 | 1 |
| 70688105 | DOCKET CONTROL ORDER | | 06/17/2016 | 2 |
| 70645384 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | | 06/15/2016 | 2 |
| | ORDER SIGNED RESETTING TRIAL | | 06/15/2016 | |
| 70610241 | Agreed Motion for Continuance | | 06/13/2016 | 3 |
| > 70610242 | Proposed Order Granting Agreed Motion for Continuance | | 06/13/2016 | 2 |
| 70116911 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | | 05/05/2016 | 1 |
| 70188111 | Defendant Vaughan Transportation INC. and Reser's Fine Foods, INC. Designation of Expert Witnesses and Supplementation of All Requests for Disclosures | | 05/05/2016 | 5 |

| > 70188112 | Curriculum Vitae | 05/05/2016 | 9 |
| 69909216 | plaintiff johnatnon kemps motion to substitute attorney in charge | 04/21/2016 | 3 |
| > 69909217 | Proposed Order | 04/21/2016 | 1 |
| 69909218 | Notice of Hearing on plaintiff's motion to substitute attorney | 04/21/2016 | 2 |
| 69719011 | deposition by written questions | 04/07/2016 | 1 |
| 69365319 | Reporter's Certification Videotaped Deposition of Lindsay king January 14 2016 | 03/11/2016 | 4 |
| 69316982 | Regarding deposition by written questions | 03/09/2016 | 1 |
| 69068567 | DOCKET CONTROL ORDER | 02/19/2016 | 2 |
| 69001080 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 02/15/2016 | 2 |
|  | ORDER SIGNED RESETTING TRIAL | 02/15/2016 |  |
| 68919230 | Kemp - Agreed Motion for Continuance | 02/09/2016 | 3 |
| > 68919231 | Proposed Order Granting Motion for Continuance | 02/09/2016 | 2 |
| 68612052 | reporters certification deposition of of johnathon kemp august 10 2015 | 01/19/2016 | 3 |
| 66810483 | Reporter's Certificate oral videotaped deposition of Bryan Kraut | 08/28/2015 | 5 |
| 66714393 | Plaintiff Designation of Expert Witnesses | 08/20/2015 | 10 |
| 65880387 | Letter to Clerk | 06/18/2015 | 1 |
| 65862750 | Plaintiffs First Amended Petition | 06/17/2015 | 5 |
| 65862751 | Civil Request Form | 06/17/2015 | 1 |
| 65955093 | Docket Control Order/Standing Order Requiring Electronic Filing/Court's ADR Policies | 06/12/2015 | 4 |
| 65501582 | defendants vaughan transportation, inc. and resers fine foods inc jury demand | 05/20/2015 | 2 |
| 65350654 | DEFENDANTS VAUGHAN TRANSPORTATION, INC., AND RESER'S FINE FOODS, INC.'s ORIGINAL ANSWER | 05/08/2015 | 6 |
| 64740465 | ORDER GRANTING SUBSTITUTED SERVICE SIGNED | 03/20/2015 | 4 |
| 64612388 | Motion for Substituted Service of Process | 03/13/2015 | 2 |
| > 64612389 | Affidavit of Process Server | 03/13/2015 | 1 |
| > 64612390 | proposed Order for Motion for Substituted Service | 03/13/2015 | 1 |
| 64124316 | Civil Process Pick-Up Form | 02/04/2015 | 1 |
| 64089601 | Plaintiff Original Petition | 02/03/2015 | 5 |
| > 64089602 | Civil Case Information Sheet | 02/03/2015 | 2 |
| > 64089603 | Civil Process Request | 02/03/2015 | 2 |

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHON KEMP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | _____ |
| JOE ABBOTT, VAUGHAN | § | |
| TRANSPORTATION, INC., AND | § | |
| RESER'S FINE FOODS, INC., | § | |
| | § | |
| Defendants, | § | |

## LIST OF ALL COUNSEL OF RECORD

F. ROYCE FRANZONI
State Bar No. 24055502
FRANZONI & NELSON, PLLC
25329 Budde Road, Suite 704
The Woodlands, Texas 77380
Telephone:     (281) 459-0701
Facsimile:     (888) 861-1304
Email: email@franzoniandnelson.com
**ATTORNEY FOR PLAINTIFF**
**JOHNATHON KEMP**


RONALD M. RAYDON
State Bar No. 00798456
PAUL M. LANAGAN
State Bar No. 24065584
MEADERS & LANAGAN
ATTORNEYS AT LAW
2001 Bryan Street, Suite 3350
Dallas, TX  75201-3068
Telephone:     (214) 721-6210
Facsimile:     (214) 721-6289
Email: rraydon@meaderslaw.com
         planagan@meaderslaw.com
**ATTORNEYS FOR DEFENDANTS**
**JOE ABBOTT, VAUGHAN TRANSPORTATION, INC.,**
**AND RESER'S FINE FOODS, INC.**